■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RUSSELL, Appellant.—Judgment of the Supreme Court,

New York County (Jeffrey Atlas, J., at suppression hearing and at trial with a jury), rendered March 4, 1988, convicting defendant of conspiracy in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree and sentencing defendant to indeterminate terms of imprisonment of 5 to 15 years, 2½ to 7½ years, and 1 to 3 years, with the latter sentences running concurrently to each other and consecutively to the first sentence, is unanimously affirmed.

The principal issue raised on this appeal is the legal sufficiency of the evidence to establish that defendant agreed to "engage in or cause the performance of [conduct constituting murder in the second degree]" within the meaning of Penal Law § 105.15. Defendant joined the conspiracy unaware that the drug trafficker seeking his services as a hired killer was a detective. He was also unaware that the photograph of the ostensible target depicted a person who was likely dead. But, this apparent inability to kill the intended victim does not mandate a reduction of defendant's conviction to a lesser degree of conspiracy. In determining the sufficiency of the proof of the crime of conspiracy, the question is not whether the evidence shows that the accused could carry out the object crime, but rather whether an illegal agreement had been established. Penal Law § 105.15 addresses the state of mind of the accused and the illicit nature of the agreement, and not the actual commission of the object crime. In short, impossibility is not a defense (see, United States v Giordano, 693 F2d 245 [2d Cir]). By parity of reasoning, that defendant did not know that the intended victim may not have been alive does not reduce his culpability for criminal possession of a weapon in the second degree. We also find no merit to defendant's claim that the two weapons charges should be dismissed because he did not have "ready access" to his gun. Not only did defendant lead the police to the gun, but during the course of the conspiracy defendant admitted that he owned a .25 caliber weapon and that his friend was holding it and was expected to deliver it to him. Concur—Ross, J. P., Asch, Kassal, Wallach and Smith, JJ.